UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TIMOTHY SHANE SMITH, <br> SID # 933571, <br><br> Plaintiff <br><br> v. <br><br> BEXAR COUNTY <br> SHERIFF'S DEPARTMENT, <br><br> Defendant | § § § § § § § § § § § § | <br><br><br><br><br> Civil Action <br> No. SA-10-CA-104-FB |

# SHOW CAUSE ORDER

Before the Court is Plaintiff Timothy Shane Smith's 42 U.S.C. § 1983 Civil Rights Complaint. A Civil Rights Complaint may not proceed until the plaintiff has paid the $350.00 filing fee or the plaintiff is granted leave to proceed in forma pauperis (IFP). Plaintiff's Complaint is not accompanied by the filing fee or an IFP application. **Plaintiff shall pay the filing fee or submit a current application to proceed IFP (which must be accompanied by a current institutional trust fund account statement for the previous six months) within twenty (20) days.** *If Plaintiff fails to comply, his Complaint will be dismissed for failure to prosecute and failure to comply with the orders of this Court.* See Fed. R. Civ. P. 41(b).

Plaintiff, an inmate at the Bexar County Adult Detention Center, alleges the following. On July 9, 2009, he was hit on the head with a metal pipe. Bexar County sheriff deputies arrived at the scene. Plaintiff said he wanted to press charges against Jose Ledesma, but the deputies did not arrest Ledesma. Plaintiff asserts his head was bleeding and he went to a hospital. Plaintiff received thirteen staples, and he had a concussion. He states one month later he was in Oklahoma when he was picked up and taken to Texas, where he was charged with aggravated assault. Although Plaintiff

does not specify when he was arrested, it appears Plaintiff was not arrested until he was returned to Texas.

Plaintiff contends the sheriff deputies discriminated against Plaintiff and were negligent.

Title 28 U.S.C. § 1915A requires this Court to screen prisoners' complaints and dismiss the complaint if the court determines it is frivolous or malicious, or it fails to state a claim on which relief may be granted. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," i.e. the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). When interpreting a prisoner's complaint, the court should look at the substance of the complaint setting aside statements of "bare legal conclusions, with no suggestion of supporting facts." *See Wesson v. Oglesby*, 910 F. 2d 278, 281 (5th Cir. 1990). A conclusory complaint, one that fails to refer to material facts, may be dismissed as frivolous, *see e.g. Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir. 1988), or for failure to state a claim, *see Rios v. City of Del Rio*, 444 F. 3d 417, 426 (5th 2006).

To establish a claim under § 1983, a plaintiff must prove the violation of a right secured by the Constitution and laws of the United States and show the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The case and controversy requirement of Article III of the Constitution requires that to proceed in federal court a complaint must allege an injury, *see O'Shea v. Littleton*, 414 U.S. 488,

493-95 (1974), that is more than de minimis or trivial, *see Glenn v. City of Tyler*, 242 F. 3d 307, 314 (5th Cir. 2001).

*Plaintiff's Complaint is subject to dismissal as frivolous and for failure to state a claim for the following reasons*:

1. Plaintiff's claim of discrimination is conclusory and is subject to dismissal on that basis.

2. Negligence is not a basis for a civil rights action. *Daniels v. Williams*, 474 U.S. 327, 329-336 (1986).

3. Plaintiff fails to allege how his arrest violated his constitutional rights. "Probable cause" exists when there are "facts and circumstances within the officers knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979). "[J]ust because a person validly arrested is later discovered to be innocent does not make the arrest 'unlawful' for fourth amendment purposes." *Rodriguez v. Ritchey*, 556 F. 2d 1185, 1190-91 (5th Cir. 1977). Plaintiff has not alleged facts that would demonstrate there was no probable cause to arrest him. *See Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995). Even if Plaintiff had been hit with a pipe and was bleeding, that would not mean he could not have committed an aggravated assault. Plaintiff fails to state everything the sheriff's deputies observed at the scene and what any witnesses told the deputies. Plaintiff does not state the circumstances of his having been hit by a pipe. Plaintiff does not state what happened before and during the incident with Jose Ledesma. Moreover, from Plaintiff's complaint it appears he was not arrested by the deputies at the scene, but was instead arrested upon his return to Texas from Oklahoma one month after the incident.

4. Plaintiff states he has been charged with aggravated assault with a deadly weapon. That suggests he has been indicted. "[I]f the facts supporting an arrest are put before an intermediary such as a magistrate or grand jury, the intermediary's decision to issue a warrant or return an indictment breaks the causal chain and insulates the initiating party." *Smith v. Gonzalez*, 670 F. 2d 522, 524 (5th Cir. 1982); *see also Rodriguez v. Ritchey*, 556 F. 2d 1185, 1190-1191 (5th Cir. 1982). Plaintiff shall inform this Court if he has been indicted.

5. Plaintiff does not state what relief he seeks. He simply states he needs justice. If Plaintiff seeks release from confinement, his sole remedy is through a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88, 499 (1973).

Before dismissal Plaintiff is entitled to amend his Complaint to cure these deficiencies if possible. *See Neitzke v. Williams*, 490 U.S. 319, 329 (1989). **Therefore, within twenty (21) days Plaintiff shall show cause why his civil rights Complaint should not be dismissed as frivolous and for failure to state a claim by filing an amended complaint (of no more than ten (10) pages) curing these deficiencies.** Alternatively, Plaintiff may request voluntary dismissal of this case. Fed. R. Civ. P. 41(a)(1). If Petitioner fails to respond to this Order, his Petition will also be dismissed for failure to prosecute and failure to comply with the Orders of this Court pursuant to Fed. R. Civ. P. 41(b). *See Martinez v. Johnson*, 104 F. 3d 769, 772 (5th Cir. 1997).

**It is so ORDERED.**

**SIGNED on February 17, 2010.**

*[signature: Nancy Stein Nowak]*

**NANCY STEIN NOWAK**
**UNITED STATES MAGISTRATE JUDGE**